**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0684, <u>In the Matter of Lisa Leary and John Leary</u>, the court on April 6, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, John Leary, appeals a final decree issued by the Circuit Court (<u>Introcaso</u>, J.) in his divorce from the petitioner, Lisa Leary. <u>See</u> RSA 458:16-a (2004). The respondent argues that the trial court erred when it found that monies he made available to the petitioner were "in the nature of contribution to household expenses."

The appellant has the burden to provide this court with a record sufficient to demonstrate that the issues on appeal have been raised before the trial court. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>Fam. Div. R.</u> 1.26(F); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

The respondent argues that the funds he made available to the petitioner were provided pursuant to a verbal contract between the parties "that the funds be used in exchange for partial ownership in the home and since [the petitioner] broke that agreement . . . those funds should be returned to" him. However, the record, including the transcript that the petitioner provided, does not reflect, and the respondent has not established, that he made this argument in the trial court. Nor does the record establish that he raised the issue in a motion for reconsideration. Because the respondent has not demonstrated that he preserved for our review his argument regarding the parties' agreement as to the funds he provided, we decline to address it. <u>See</u> <u>Malborn Realty</u>, 164 N.H. at 69-70.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**